UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
Case No.:           -cv-

JORGE DELGADO

v.

ROYAL TRANSPORTATION, LLC.

_____/

## COMPLAINT

COMES NOW, Plaintiff, JORGE DELGADO (hereafter "Plaintiff"), by and through her undersigned counsel, and hereby files this Complaint against Defendant, ROYAL TRANSPORTATION, LLC., a Florida Corporation (hereafter "Defendant"), and in support thereof states as follows:

### JURISDICTION, PARTIES, AND VENUE

1. This is an action by the Plaintiff for damages in excess of $15,000.00 excluding attorney's fees or costs for damages pursuant to the Family Medical Leave Act, as amended 29 U.S.C. §2601, et. seq. (hereafter "FMLA") to redress injury done to the Plaintiff by the Defendant for interference in violation of the FMLA and retaliation in violation of the FMLA.

2. Plaintiff is a resident of Miami-Dade County, Florida and Defendant is situated in Miami-Dade County, Florida within the jurisdiction of this Honorable Court.

3. Defendant is a Florida Corporation doing business in Miami-Dade County, Florida.

4. At all times material herein, Defendant was an employer covered by the FMLA because they were engaged in commerce or in an industry affected commerce and employed 50 or

1

more employees for each working day during each of twenty (20) or more calendar workweeks.

5. Plaintiff worked at a location where Defendant employed fifty (50) or more employees within seventy-five (75) miles.

6. Plaintiff was an employee entitled to leave under FMLA, based on the fact that she was employed by Defendant for at least twelve (12) months and worked at least 1,250 hours during the relevant twelve (12) month prior period to her seeking to her rights to FMLA leave.

7. Venue is proper in the United States District for the Southern District of Florida because the Plaintiff resides in, and the Defendant conducts business in and all of the events giving rise to Plaintiff's claims occurred in Miami-Dade County, Florida, which is within the Southern District of Florida.

## FACTUAL ALLEGATIONS

8. On or about June 17, 2019, Plaintiff began his employment with Defendant as a driver.

9. On or about September 2, 2021, Plaintiff received his second dose of the COVID-19 vaccine, which made him extremely sick due to its adverse side effects.

10. Feeling violently ill and unable to work, Plaintiff finished his shift and informed Juan Carlos, Defendant's route coordinator, that he will not be able to come in the next day due to feeling ill and wanting to pass out.

11. Juan Carlos told Plaintiff not to worry and told him to go home. Plaintiff then went home to attempt to recover from the adverse side effects of the second dose of the COVID-19 vaccine.

12. On or about September 3, 2021, Juan Carlos called Plaintiff and told him that his work van was needed and that Carlos Martinez, one of Defendant's owners, wanted to call him to obtain his address to go pick it up. After speaking with Carlos Martinez, Plaintiff gave his work van to him when Carlos Martinez arrived at his house.

13. On or about September 5, 2021, Plaintiff texted Carlos Martinez requesting his work van to be returned, so he can report back to work on Monday, but did not get a reply to his text messages.

14. From September 6 through September 8, 2021, Plaintiff called and texted Carlos Martinez and Juan Carlos several times attempting to return back to work, but he got no response.

15. At the end of September 8, 2021, Juan Carlos called Plaintiff and informed him that he did not know what Plaintiff was talking about, or why he hadn't gotten his work van back, but to call Carlos Martinez. Plaintiff attempted to contacted Carlos Martinez via telephone call and text messages but could not get a hold of him.

16. On or about September 12, 2021, Plaintiff attempted to log into Defendant's online system and realized that he was no longer able to log into his employee account since his password was changed without his knowledge.

17. On or about September 13, 2021, Carlos Martinez called Plaintiff. Plaintiff asked Carlos Martinez what was going on since he was unable to work for almost ten (10) days and where his work van was. Carlos Martinez did not answer Plaintiff's questions and when Plaintiff expressed he was looking at his legal options to the situation, Carlos Martinez angrily ridiculed and yelled profanities at Plaintiff and hung up the phone on him.

18. On or about September 25, 2021, Plaintiff received a call from Defendant's route dispatcher on why Plaintiff had not picked up his patients required on his route, which

confused Plaintiff since he had not been able to work for Plaintiff. The route dispatcher then discovered and notified Plaintiff that a new driver in the company is using his work credentials since the new driver did not have his driving certificates, so the Defendant gave Plaintiff's employee account to the new driver.

19. Outraged with what the route dispatcher told him, Plaintiff demanded that his work credentials not be shared with other drivers, as such fraudulent representation of his work credentials can cause him to get in trouble for the actions of another driver. The route dispatcher then hung up, and Plaintiff was not able to contact him back, as it appeared to him that the route dispatcher blocked his number.

20. After the situation, Plaintiff attempted to get in contact with anyone from Royal Transportation, LLC but was not successful. As such Mr. Delgado was constructively discharged on September 25, 2021.

## COUNT I: INTERFERENCE WITH FMLA RIGHTS -<u>FAILURE TO PROVIDE FMLA INFORMATION</u>

21. Plaintiff repeats and re-alleges paragraphs 1 through 20 as if fully stated herein.

22. During or around year 2020, Plaintiff became eligible for FMLA leave. Plaintiff was employed with Defendants for more than 12 months and/or worked for Defendants more than 1,250 hours and was therefore eligible for FMLA.

23. In years 2020 and 2021, under the FMLA, Plaintiff was entitled to take a total of 12 workweeks of leave in a 12-month period to treat and manage his COVID-19 vaccine side effects.

24. At all times material, Plaintiff gave proper notice to Defendants by informing them of his serious medical condition, which required him to take leave to receive the proper medical care and treatment.

25. The Corporate Defendant was a private sector employer, conducting business as an transportation company. During all relevant times, the Corporate Defendant employed 50 or more employees in 20 or more workweeks in the current or preceding calendar year.

26. Plaintiff worked for Corporate Defendant in a location where the Corporate Defendant employed at least 50 employees within 75 miles.

27. Eligible employees may take up to 12 workweeks of leave in a 12-month period.

28. Despite Defendants' knowledge of Plaintiff's need to seek treatment for his serious medical condition, Defendants failed to notify Plaintiff of his eligibility status and rights under the FMLA and failed to notify Plaintiff whether his leave and/or potential leave was or could be designated as FMLA leave, Defendants interfered with Plaintiff's rights under the FMLA.

29. As a result, Plaintiff has been damaged.

    **WHEREFORE**, Plaintiff demands judgment against Defendants, as follows:

    a. Enter judgment in Plaintiff's favor and against Defendants for interfering with Plaintiff's rights under the FMLA;

    b. Award Plaintiff actual damages suffered, including back pay, front pay, loss of benefits, future pecuniary loss, and lost future earnings capacity;

    c. Award Plaintiff liquidated damages;

    d. Award Plaintiff prejudgment interest on his damages award;

    e. Award Plaintiff reasonable costs and attorney's fees;

    f.   Award Plaintiff any further relief pursuant to the FMLA; and

    g.   Grant Plaintiff such other and further relief as this court deems equitable and just.

## COUNT II: INTERFERENCE WITH FMLA RIGHTS - TERMINATION

30. Plaintiff repeats and re-alleges paragraphs 1 through 20 as if fully stated herein.

31. In years 2020 and 2021, Plaintiff was eligible for FMLA leave.

32. Defendant failed to afford Plaintiff the right to take FMLA leave when it he informed them that he was feeling sick and needed to take time off to overcome his COVID-19 vaccine side effects.

33. Despite Defendants' knowledge of Plaintiff's serious medical condition, Defendants constructively discharged Plaintiff, instead of affording him the opportunity to request or take FMLA leave.

34. When Defendants impeded on Plaintiff's right to take leave and then constructively discharge Plaintiff, they interfered with Plaintiff's rights under the FMLA.

35. As a result, Plaintiff has been damaged.

    **WHEREFORE**, Plaintiff demands judgment against Defendants, as follows:

    a.   Enter judgment in Plaintiff's favor and against Defendants for interfering withPlaintiff's rights under the FMLA;

    b.   Award Plaintiff actual damages suffered, including back pay, front pay, loss ofbenefits, future pecuniary loss, and lost future earnings capacity;

    c.   Award Plaintiff liquidated damages;

    d.   Award Plaintiff prejudgment interest on his damages award;

    e.   Award Plaintiff reasonable costs and attorney's fees;

    f.    Award Plaintiff any further relief pursuant to the FMLA; and

    g.    Grant Plaintiff such other and further relief as this court deems equitable and just.

### COUNT III: VIOLATION OF THE FMLA – RETALIATION

36. Plaintiff repeats and re-alleges paragraphs 1 through 20 as if fully stated herein.

37. Defendants constructively discharged Plaintiff following his notification about serious medical conditions, and need for intermittent leave to recover from the adverse side effects of the COVID-19 vaccine. These notifications constitute a request for taking FMLA leave.

38. Defendants intentionally engaged in unlawful employment practice in violation of the FMLA, by retaliating against Plaintiff when, after Plaintiff requested to take leave for medical reasons. Defendant took away Plaintiff's work van, removed him from the work system, ridiculed and cursed at Plaintiff, and then terminated Plaintiff.

39. Plaintiff's request for medical leave pursuant to the FMLA was a direct and proximate cause of his termination.

40. As a direct and proximate result of the intentional violations by Defendants of Plaintiff's rights under the FMLA, Plaintiff has been damaged.

    **WHEREFORE**, Plaintiff demands judgment against Defendants as follows:

    a.    Enter judgment in Plaintiff's favor and against Defendants for violations of the FMLA;

    b.    Award Plaintiff actual damages suffered, including back pay, front pay, loss of benefits, future pecuniary loss, lost future earnings capacity;

    c.    Award Plaintiff compensatory damages under the FMLA for

embarrassment, anxiety, humiliation and emotional distress Danovich has and continues to suffer;

d. Award Plaintiff liquidated damages;

e. Award Plaintiff prejudgment interest on his damages award;

f. Award Plaintiff reasonable costs and attorney's fees; and

g. Grant Plaintiff such other and further relief as this court deems equitable and just.

## JURY TRIAL DEMAND

Plaintiff requests a trial by jury on all issues triable in each count of this Complaint.

Respectfully submitted

GALLARDO LAWOFFICE, P.A.
8492 SW 8th Street
Miami, Florida 33144
Telephone: (305) 261-7000
Facsimile: (305) 261-0088


By: /s/ *Elvis J. Adan*
Elvis J. Adan, Esq.
Fla. Bar No.: 24223